IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LOYD LANDON SORROW, § | |
| TDCJ-CID NO.1134905, § | |
|     Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. H-06-1732 |
| § | |
| NATHANIEL QUARTERMAN, § | |
|     Respondent. § | |

OPINION ON DISMISSAL

      Petitioner Loyd Landon Sorrow, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction for aggravated sexual assault of a child. (Docket Entries No.1, No.2). Petitioner has also filed a motion for summary judgment on the same grounds. (Docket Entry No.13). Respondent has filed an answer, seeking dismissal of this action on grounds that petitioner's claims regarding his guilty plea are time-barred and his remaining claims are without merit. Petitioner has filed several responses to respondent's answer. (Docket Entries No.28, No.31, No.33). For the reasons that follow, the Court will grant respondent's motion to dismiss, deny petitioner's summary judgment motion, and deny petitioner federal habeas relief.

I.     PROCEDURAL HISTORY

      Pursuant to an agreed recommendation, petitioner entered a guilty plea to aggravated sexual assault of a child in cause number 874978 in the 263rd Criminal District Court of Harris County, Texas. (Docket Entry No.1). On May 20, 2002, the state district court placed petitioner on seven years' deferred adjudication probation and fined him $250.00. *Ex parte Sorrow*, Application No.61,919-02, Volume II, pages 213, 217. On September 6, 2002, upon the State's motion, the state district court revoked petitioner's deferred adjudication probation because he failed to comply with

the terms of probation. *Id.* at 209. The state district court adjudicated his guilt and sentenced petitioner to twenty-two and one-half years confinement in TDCJ-CID. *Id.*

On direct appeal, petitioner claimed that he was denied the effective assistance of counsel during a critical phase of the criminal proceedings, *i.e.*, during the period for filing a motion for new trial, abating his appeal, and ordering the trial court to conduct a hearing on petitioner's motion for new trial. *Sorrow v. State*, No.14-02-01042-CR, Appellant's Brief. The state intermediate appellate court held that petitioner had failed to overcome the presumption that he was represented by counsel during the period after sentencing and affirmed the state district court's judgment. *Sorrow v. State*, No.14-02-01042-CR, 2003 WL 22012828 (Tex. App.–Houston [14th Dist.] 2003, pet. ref'd). The Texas Court of Criminal Appeals refused petitioner's petition for discretionary review on February 11, 2004. *Sorrow v. State*, PD-1915-03 (Tex. Crim. App. 2004).

On February 15, 2005, petitioner filed a state habeas application seeking habeas relief on the following grounds:

1. His plea of guilty was involuntary because he was incompetent at the time he entered the plea and he was induced by false promises to enter such plea;

2. He was denied the effective assistance of counsel because (a) his first trial counsel lacked dedication and failed to prepare a defense or investigate the case; (b) his second trial counsel failed to offer a memorandum in mitigation at the punishment phase of probation revocation, to request an evidentiary hearing, to object to the lack of such hearing, to object that the state district court did not consider a pre-sentence hearing report or to request that one be prepared, and failed to provide counsel after sentencing; and (c) his appellate counsel filed an untimely motion for new trial and failed to explain in the appellate brief how the state court had penalized petitioner and to argue all of petitioner's constitutional complaints; and,

3. He is actually innocent as shown by newly discovered evidence.

*Ex parte Sorrow*, Application No.61,919-02, Volume I at 2-84. The state criminal district court, sitting as a habeas court, entered Findings of Facts and Conclusions of Law, recommending that

relief be denied. *Id.* at 181-85. The Texas Court of Criminal Appeals denied the state habeas application without written order on the findings of the trial court without a hearing on March 29, 2006. *Id.* at cover.

Petitioner filed the pending federal petition on May 19, 2006.[1] The petition, therefore, is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997). Petitioner seeks federal habeas relief on the same grounds alleged in his state habeas application. (Docket Entries No.1, No.2).

II.     CLAIMS ARISING ON OR BEFORE PLEA HEARING

In grounds one, three, and six, petitioner maintains his guilty plea was involuntary. (Docket Entries No.1, No.2). In his first ground, petitioner claims that at the time he entered the plea he was overly medicated and therefore, involuntarily intoxicated from the use of the prescription drugs. He claims that his trial counsel, Ron Hayes, was aware of his condition and did not ask the state district court for a competency hearing. (Docket Entries No.1, No.2, No.13). In ground three, petitioner contends he was induced to plead guilty by false promises that a second charge would be dropped, there would be no conviction on his record upon completion of deferred adjudication probation, he would be released from incarceration by midnight, and he could serve his probation in West Virginia. (*Id.*). Petitioner's residence and personal property were in West Virginia, where he was arrested and from which he waived extradition. He claims that upon his arrival in Harris County, he was denied bail and therefore could not take care of his personal business in West Virginia; consequently, he

---

[1] Petitioner's application for writ of habeas corpus is post-marked May 19, 2006, but was not file-stamped until May 22, 2006. The Court will consider the application filed as of the earlier date. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir.1998) (*pro se* habeas petition deemed filed when delivered to prison authorities for mailing).

entered a guilty plea because he needed to be released from custody to "save his worldly belongings." (Docket Entry No.2). Petitioner further claims that the state district court erred in failing to hold a "detention" hearing and in accepting the plea recommendation because it failed to consider that petitioner's residence and his personal property were out-of-state and that upon his release to deferred adjudication probation, petitioner had nowhere to live. Petitioner claims that he relied on the prosecutor's promise that he could return to West Virginia to serve his deferred adjudication probation and other false promises but the state district court did not enforce the promises. Instead, petitioner's probation officer would not allow him to leave Harris County and forced him to stay at a homeless shelter. Based on the foregoing, petitioner maintains the plea "contract" was voidable because it was impossible to perform and the State breached the contract by not allowing him to serve his probation in West Virginia. (*Id.*). In ground six, petitioner contends his plea was involuntary and his right to due process was violated when the State refused to set bail and his trial counsel Robert Hayes failed to request bail. (*Id.* Parts 1 and 2). Petitioner further contends that he was induced to give a false plea because of the mental anxiety that he endured as a result of the forced incarceration and the prosecutor's threat of twenty-five years if he went to trial. (*Id.*, Part 2). Petitioner does not challenge his extradition, except to the extent that he was denied bail upon his incarceration in the Harris County Jail. (*Id.*).

In ground two, petitioner maintains that trial counsel Hayes rendered constitutionally ineffective assistance of counsel because he did not request a competency hearing, he allowed petitioner to enter a plea agreement fraught with false promises offered by the prosecutor, he failed to investigate witnesses and to insure the private investigator did his job, he failed to investigate the law with respect to the Uniform Criminal Extradition Act Guidelines, and he allowed petitioner to enter a plea agreement for deferred adjudication, which rendered petitioner homeless and without

4

means to pay his court fines or even to eat. (Docket Entries No.1, No.2). Petitioner claims but for Hayes's deficient performance, he would have either been found incompetent, received a better plea bargain, or would have gone to trial. (Docket Entry No.2).

Respondent seeks a dismissal of petitioner's habeas action on grounds that all of petitioner's claims regarding his guilty plea, his extradition, and the ineffectiveness of his first trial counsel are time-barred. (Docket Entry No.24).

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The one-year limitations period became effective on April 24, 1996,

and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. *See Flanagan*, 154 F.3d at 198.

For purposes of § 2244 of the AEDPA, an order placing a defendant on deferred adjudication is a final judgment. *Caldwell v. Dretke,* 429 F.3d 521, 530 (5th Cir. 2005), *cert. denied*, 127 S.Ct. 431 (2006). This holding applies to instances where, as here, "a petitioner challenges substantive issues relating to an original order of deferred adjudication probation.'" *Id.* at 530 n. 24.

Petitioner's deferred adjudication was granted on May 20, 2002. (Docket Entry No.1). Under Texas law petitioner had thirty days from that date to file a notice of appeal. Tex. R. App. P. 26.2(a)(1); *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); *see also Caldwell,* 429 F.3d at 530 n. 22. Petitioner did not appeal the deferred adjudication order. Therefore, the judgment became final for purposes of section 2244(d)(1)(A) on or about April 20, 2002. That date triggered the one-year limitations period which expired on April 20, 2003.

Because petitioner's state application for habeas corpus relief was not filed until February 15, 2005, after the expiration of the April 20, 2003 deadline, the tolling provisions found in § 2244(d)(2) do not apply. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). Petitioner did not file this federal habeas petition until 2006, well beyond expiration of the AEDPA limitations. Therefore, his petition is untimely and subject to dismissal.

Petitioner seeks equitable tolling of the limitations period on the ground that he diligently sought information about the medication prescribed and had to wait for answers regarding the same as well as the opportunity to conduct legal research before he could file a state habeas application

challenging his conviction and sentence. (Docket Entry No. 31 at 12-13).

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). "Equitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Fisher v. Johnson*, 174 F.3d 710, 715, n.14 (5th Cir.1999). To be entitled to equitable tolling, a petitioner must diligently pursue his post-conviction relief. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). A habeas petition has the burden of proving that he is entitled to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797 (5th Cir. 2000).

In this case, petitioner fails to show that he diligently pursued state and federal habeas relief. Petitioner waited years after placement on deferred adjudication probation and years after the adjudication of his guilt to file a state habeas application and the pending federal petition. *See Nelms v. Johnson*, 51 Fed. Appx. 482 (5th Cir. 2002) (not selected for publication) (noting that "court has found no case in which equitable tolling was granted after a petitioner had let ten months of the AEDPA limitations period slip by); *Lookingbill v. Cockrell*, 293 F.3d 256, 264-65 (5th Cir. 2002) (finding four-day delay in filing federal habeas petition by death row inmate did not justify equitable tolling: courts focus "on the reasons for missing the deadline rather than on the magnitude of the tardiness"). Because petitioner has not demonstrated that he acted diligently while pursuing habeas relief in both the federal and state courts, he is not entitled to equitable tolling. *See Fisher*, 174 F.3d at 713 n.11 (noting that "[e]quity is not intended for those who sleep on their rights).

Furthermore, "ignorance of the law or of statute of limitations is insufficient to warrant tolling." *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). That petitioner proceeds without counsel likewise does not warrant equitable tolling. *Id.* at 171. Neither unfamiliarity with the legal

7

process nor "lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *Fisher,* 174 F.3d at 714. Furthermore, petitioner's claim of limited access to legal information does not constitute a "rare and exceptional" circumstance warranting equitable tolling. *See Felder*, 204 F.3d at 171-73.

Petitioner has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. 28 U.S.C. § 2244(d)(1)(C), (D).

Although petitioner claims to be actually innocent of the crime for which he has been convicted, a claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoner maintain they are innocent." *Felder*, 204 F.3d at 171 & n.8. Furthermore petitioner fails to demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *See Bousley v. United States*, 523 U.S. 614, 623 (1998).

Accordingly, petitioner's claims regarding his guilty plea and the ineffectiveness of his trial counsel at the plea hearing are barred by the AEDPA's one-year limitation period and, therefore, are subject to dismissal. To the extent that he challenges his extradition from West Virginia, any such claim is also barred by limitations. The Court will grant respondent's motion to dismiss on these grounds and deny petitioner's motion for summary judgment. (Docket Entry No.13).

III.     <u>CLAIMS ARISING ON ADJUDICATION OF GUILT & ON APPEAL</u>

In his fifth ground, petitioner contends that Attorney Stacie Biggars, who represented him at the probation revocation hearing, and David Suhler, who was appointed to represent him on appeal, rendered constitutionally ineffective assistance of counsel. (Docket Entry No.2). In ground four, petitioner maintains that he is actually innocent and that evidence newly discovered is so overwhelming as to render his guilty plea and sentence unconstitutional. (*Id.*). Petitioner seeks an evidentiary hearing and access to such documentation via court order. (*Id.*).

Respondent moves to dismiss petitioner's habeas petition on the ground that petitioner's claims of ineffective assistance of counsel and actual innocence are meritless. (Docket Entry No.24).

The AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

The petitioner retains the burden to prove that he is entitled to habeas corpus relief. *Williams v. Taylor*, 529 U.S. 362 (2000). In this case, petitioner presented claims in a petition for discretionary review, which the Texas Court of Criminal Appeals refused, and a state habeas corpus application, which the Texas Court of Criminal Appeals denied without written order on the findings of the trial court without a hearing. As a matter of law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of a claim. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)). Therefore, only those claims properly raised by petitioner in the petition for discretionary review and the state application for habeas corpus relief have been adjudicated on the merits by the state courts.

Where a petitioner's claim has been adjudicated on the merits, section 2254(d) hold that this Court shall not grant relief unless the state court's adjudication:

(1)	resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)	resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2); *Williams*, 529 U.S. at 411-13; *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Courts are to review pure questions of law and mixed questions of law and fact under subsection (d)(1), and pure questions of fact under subsection (d)(2). *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).

"The standard is one of objective reasonableness." *Montoya*, 226 F.3d at 403-04 (quoting *Williams*, 529 U.S. at 412-13 (O'Connor, J., concurring)). Under this standard, a federal court's review is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning." *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citing *Cruz v. Miller*, 255 F.3d 77, 86 (2nd Cir. 2001) (noting that even where a state court makes a mistake in its analysis, "we are determining the reasonableness of the state court's 'decision,' . . . not grading their papers").

A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. A decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle. . . but unreasonably applies that principle to the facts of the prisoner's case." *Id.* To be unreasonable, the state decision must be more than merely

10

incorrect. *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). A reversal is not required unless "the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'" *Id.* Factual findings made by the state court in deciding a petitioner's claims are presumed correct, unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines*, 404 U.S. at 521.

A.      Ineffective Assistance of Trial Counsel

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of trial counsel is measured by the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on an ineffective assistance of counsel claim, petitioner must establish that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Ogan v. Cockrell*, 297 F.3d 349, 360 (5th Cir. 2002) (citing *Strickland*, 466 U.S. at 692). The failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

Counsel's performance is deficient when the representation falls below an objective standard of reasonableness. *Ogan*, 297 F.3d at 360. Judicial scrutiny of counsel's performance must be "highly deferential," indulging in a "strong presumption" that "trial counsel rendered adequate

11

assistance and that the challenged conduct was the product of a reasoned trial strategy." *West v. Johnson,* 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1993). Mere "error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 687-90. A deficiency in counsel's performance, standing alone, does not equal ineffective assistance of counsel if no actual prejudice is demonstrated.

Counsel's deficient performance results in actual prejudice when a reasonable probability exists "that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Confidence in the outcome of the trial is undermined when counsel's deficient performance renders "the result of the trial unreliable or the proceeding fundamentally unfair." *Pratt v. Cain*, 142 F.3d 226, 232 (5th Cir. 1998) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993)). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Pratt*, 142 F.3d at 232 (quoting *Lockhart*, 506 U.S. at 372).

A claim of ineffective assistance of counsel presents a mixed question of law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 946 (5th Cir. 2001).

Petitioner complains that Attorney Stacie Biggars, who was appointed to represent him at the hearing on the State's Motion to Adjudicate Guilt, rendered constitutionally ineffective assistance of counsel because she failed to:

    1.       Offer a memorandum in mitigation of punishment at the hearing;

    2.       Object to the lack of a punishment hearing;

    3.       Request an evidentiary hearing and object to the lack of such hearing;

    4.       Request the preparation of a pre-sentence hearing report and object that the state court did not consider the same before assessing his sentence; and,

    5.       Provide legal assistance after petitioner was sentenced by filing a notice of appeal.

(Docket Entries No.1, No.2).

The record reflects that petitioner waived his right to the preparation of a Pre-sentence Investigation Report pursuant to Article 42.12, Section 8 of the Texas Code of Criminal Procedure. *Ex parte Sorrow*, Application No. 61,919-02, Volume I, page 114. In light of this waiver and petitioner's failure to allege any specific facts to show that such waiver was involuntary or void and his failure to state what information, if any, a pre-sentence investigation report would have shown, the Court finds no evidence that Attorney Biggars rendered a deficient performance by her failure to request such a report.

Under state law, a defendant in Texas is entitled to a punishment hearing after the adjudication of guilt. *See Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992). Petitioner, however, did not request and did not receive such a hearing. The record reflects that petitioner entered a plea of true to the allegations that he had violated the terms of his deferred adjudication probation as alleged in the State's Motion to Adjudicate Guilt at the hearing on the State's motion. *Sorrow v. State*, No.14-02-01042-CR, Reporter's Record Volume 1, Motion to Adjudicate Hearing. The state district judge found that petitioner had so violated the terms and adjudicated him guilty of

aggravated sexual assault of a child. *Id.* The state district judge immediately, and without objection, assessed punishment. *Id.*

Arguably, reasonable jurists might disagree over whether petitioner's trial counsel rendered a deficient performance by failing to object or interject herself into punishment proceedings following the acceptance of petitioner's plea by the state district court. However, petitioner does not allege nor show that Biggars had a valid objection to make or that he suffered any actual prejudice from her failure to request a hearing, to prepare and submit a memorandum on mitigation, or otherwise to object to the lack of a hearing. His conclusory claims do not demonstrate an ineffective assistance claim and do not warrant federal habeas corpus relief. *See Collier v. Cockrell*, 300 F.3d 577, 587 (5th Cir. 2002) (holding that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding). Accordingly, the Court will grant respondent's motion to dismiss on these claims.

With respect to petitioner's complaint that Biggars failed to represent him following judgment by filing a notice of appeal, the state intermediate court of appeals found that petitioner failed to rebut the presumption that he was represented by counsel or that counsel's representation was effective. *Sorrow v. State*, No.14-02-01042-CR, slip opinion at 3 (Tex. App.–Houston [14th Dist.] 2003, pet. ref'd). The state appeals court noted that the record did not affirmatively show that petitioner was not advised of the merits of a motion for new trial and the fact that he filed a *pro se* notice of appeal is evidence that he was informed of at least some of his appellate rights. *Id.* The record supports the finding of the state appellate court.

Because such finding is not an unreasonable application of clearly established federal law, the Court will grant respondent's motion to dismiss on this claim.

B.   Ineffective Assistance of Appellate Counsel

Petitioner complains that his appellate counsel rendered constitutionally ineffective assistance because he:

1. Filed an untimely motion for new trial;

2. Failed to explain adequately in the appellate brief how the state court had penalized petitioner; and

3. Failed to argue all of petitioner's constitutional errors.

(Docket Entries No.1, No.2).

An accused is constitutionally entitled to effective assistance of counsel on direct appeal as a matter of right. *Evitts v. Lucey*, 469 U.S. 387 (1985). Claims of ineffective assistance of counsel are determined by the same standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Because an appellate counsel is not required to raise every nonfrivolous claim on appeal, but may select from among them in order to maximize the likelihood of success on appeal, it is difficult to demonstrate the incompetency of counsel when a brief on the merits is filed. *Smith v. Robbins*, 528 U.S. 259, 288 (2000). The presumption of competency is overcome "'only when ignored issues are clearly stronger than those presented.'" *Id.* (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)).

Petitioner must also demonstrate prejudice, that is, he must show a reasonable probability that, but for his counsel's failure to file claims on the ignored issues, he would have prevailed on his appeal. *Id.* at 286.

Petitioner does not identify in his habeas petition the specific grounds that he felt appellate

counsel should have raised in a motion for new trial or on direct appeal. Furthermore, petitioner fails to show that he would have prevailed on a motion for new trial or on appeal but for his appellate attorney's allegedly deficient performance. Finding no unreasonable application of constitutional law as determined by the United States Supreme Court and no unreasonable determination of the facts from the evidence in the record, the Court finds petitioner claim of ineffective assistance of appellate counsel to be without merit. Accordingly, the Court will grant respondent's motion to dismiss on this ground.

C.  Actual Innocence

In ground four, petitioner contends that newly discovered evidence proves that he is actually innocent of aggravated sexual assault of a child. (Docket Entry No.2). Petitioner contends that internet photographs and information that should have been available in a presentence hearing regarding probation/lack of corpus delicti were withheld. (*Id.*). He claims that medical reports were not reviewed, fact and expert witnesses were not confronted, the private investigator's report was not introduced, and evidence of a physical deformity was not admitted at the adjudication hearing. (*Id.*). Petitioner indicate that evidence of the foregoing shows that he is actually innocent. (*Id.*). Petitioner seeks an evidentiary hearing on his claim of actual innocence. (*Id.*).

Respondent seeks a dismissal of petitioner's claim of actual innocence on the ground that such claim is not cognizable on federal habeas review. (Docket Entry No.24). The state district court, sitting as a habeas court, concluded that petitioner failed to allege sufficient facts, which would show that "no reasonable juror could have found [him] guilty in light of the alleged new evidence." *Ex parte Sorrow*, Application No.61,919-02, Volume I, page 183.

A claim of actual innocence, standing alone, is insufficient to merit federal habeas relief.

16

*Herrera v. Collins,* 506 U.S. 390, 400, (1993); *Dowthitt v. Johnson,* 230 F.3d 733, 741 (5th Cir. 2000). *See also Foster v. Quarterman,* 466 F.3d 359, 367 (5th Cir. 2006 ) (concluding recent Supreme Court authority did not change law to recognize validity of stand-alone actual-innocence claims). There also must be evidence of an independent constitutional violation in the state criminal proceeding. *Dowthitt,* 230 F.3d at 741. Even if such claim were viable, petitioner has not adduced any reliable new evidence, such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence to support his claim of actual innocence. *See Bosley v. Cain*, 409 F.3d 657, 665 (5th Cir. 2005) (quoting *Schulp v. Delo*, 513 U.S. 298, 324 (1995)). Without more, petitioner fails to overcome his judicial confession and plea of guilty.

Petitioner's request for an evidentiary hearing must be evaluated under 28 U.S.C. § 2254 (e)(2), which provides, in relevant part:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
> (A) the claim relies on–
>
> (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence, and,
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2). These exceptions are applicable only where the failure to develop the factual basis is the result of a decision or omission of the petitioner himself.

*Murphy v. Johnson*, 205 F.3d 809, 815 (5th Cir. 2000).

Petitioner's claims are not derived from any new rule of law from the Supreme Court and are not based on new, previously undiscoverable facts, which establish his innocence of the crime. Even if petitioner could show that these claims were not developed at trial as required by § 2254(e)(2), he fails to show the necessity of an evidentiary hearing.

Petitioner has not shown he is entitled to relief on his "actual innocence" claim or to an evidentiary hearing. Accordingly, the Court will grant respondent's motion to dismiss and deny petitioner's motion for summary judgment on this ground.

IV.     CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211

F.3d 895, 898 (5th Cir. 2000). For the reasons stated in this Opinion on Dismissal, the Court has determined that a certificate of appealability from this decision will not issue.

IV. <u>CONCLUSION</u>

Based on the foregoing, the Court ORDERS the following:

1. Petitioner's motion for summary judgment (Docket Entry No.13) is DENIED.

2. Petitioner's requests for an evidentiary hearing (Docket Entries No.1, No.2) are DENIED.

3. Respondent's motion to dismiss (Docket Entry No.24) is GRANTED.

4. A certificate of appealability is DENIED.

5. All other pending motions, if any, are DENIED.

6. This cause of action is DISMISSED with prejudice.

SIGNED at Houston, Texas on whit 23rd day of July, 2007.

*[signature]*

MELINDA HARMON
UNITED STATES DISTRICT JUDGE